UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
MAY 1 3 2010
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

ANTOINE JONES, )
)
     Plaintiff, )
)
v. ) Civil Action No. **10 0768**
)
RACHEL LIEBER, *et al.*, )
)
     Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on consideration of the plaintiff's application to proceed *in forma pauperis*. The application will be denied pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not proceed *in forma pauperis* if while incarcerated he has filed at least three prior cases that were dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see Smith v. District of Columbia*, 182 F.3d 25, 29 (D.C. Cir. 1999). "This section is referred to as the 'three strikes' rule." *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) (citing *Ibrahim v. District of Columbia*, 208 F.3d 1032, 1033 (D.C. Cir. 2000)). There is an exception for a prisoner who shows that he "is under imminent danger of serious physical injury" at the time he files suit. 28 U.S.C. § 1915(g).

Review of the Court's docket reveals that the plaintiff has accumulated more than three strikes. *Jones v. Delaney*, 610 F. Supp. 2d 46 (D.D.C. 2009) (dismissing under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted); *Jones v. Lieber*, 606 F.

1



Supp. 2d 53 (D.D.C. 2009) (dismissing under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted), *appeal docketed*, No. 09-5128 (D.C. Cir. Apr. 16, 2009); *see Jones v. Horne*, No. 07-1300, 2008 WL 2202375 (D.D.C. May 27, 2008) (dismissing under *Heck v. Humphrey*, 512 U.S. 477 (1994)); *Jones v. Gikas*, No. 07-1068, 2008 WL 2202264 (D.D.C. May 27, 2008) (same); *Jones v Kirchner*, No. 07-1063, 2008 WL 2202220 (D.D.C. May 27, 2008) (same); *Jones v. Yanta*, No. 07-1172, 2008 WL 2202219 (D.D.C. May 27, 2008) (same).[1]

The plaintiff may proceed *in forma pauperis* only if he qualifies under the imminent danger exception. To make this determination, the Court looks to the complaint, construes it liberally and accepts its factual allegations as true. *See Ibrahim*, 463 F.3d at 6 (citation omitted).

Generally, the plaintiff alleges that the defendants seized several boxes of personal and business property from his former place of business, Club Level. He brings this action against the two Assistant United States Attorneys who prosecuted the criminal case, a Metropolitan Police Department detective, and a Special Agent of the Federal Bureau of Investigation to demand the return of any property that is no longer needed for the criminal trial and has not been forfeited. Nothing in the complaint and its attachments suggests that the

---

[1] A dismissal under *Heck* is considered a basis for assessing a "strike" for purposes of 28 U.S.C. § 1915(g). *Reese v. Dist. of Columbia Metro. Police*, No. 00-5361, 2001 WL 410449, at *1 (D.C. Cir. Mar. 15, 2001) (dismissing appeal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and *Heck*, and declaring dismissal of the appeal as a strike for purposes of 28 U.S.C. § 1915(g)); *see Hazel v. Reno*, 20 F. Supp. 2d 21, 24 (D.D.C. 1998) ("Where, as here, a Complaint is barred by *Heck,* it is appropriate – if not mandatory – for the district court to dismiss the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the plaintiff's action has been shown to be legally frivolous." (internal quotation marks and citations omitted)).

plaintiff is in imminent danger of serious physical injury.

The Court concludes that the plaintiff has accumulated more than three strikes for purposes of the PLRA, and that he does not qualify for *in forma pauperis* status under the imminent danger exception. Accordingly, the Court will deny the application to proceed *in forma pauperis* and dismiss the complaint without prejudice to refiling with payment of the filing fee in full.

An Order accompanies this Memorandum Opinion.

/s/ Colleen Kollar-Kotelly
United States District Judge

DATE: 5/7/10